UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES L. BLAYLOCK,

                                         Case No. 2:25-cv-11493

             Plaintiff,               Hon. Jonathan J.C. Grey

v.

J. BUGBEE, ET AL,

             Defendants.

_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

## I.    INTRODUCTION

This is a pro se civil rights case filed pursuant to 42 U.S.C. § 1983 by MDOC prisoner James L. Blaylock. (ECF No. 1.) Blaylock sues three employees of the MDOC stationed at the St. Louis Correctional Facility: Librarian J. Bugbee, Special Activities Director E. Smith, and Warden Christiansen. For the following reasons, the complaint will be partially dismissed under 28 U.S.C. § 1915A(b)(1).

## II.    BACKGROUND

Blaylock's allegations arise from an incident at the St. Louis Correctional Facility. He asserts that on some undisclosed date he was "addressing issues that [he] had" with an unnamed corrections officer when Defendant Smith came over, cussed at him, and told him to get out of the gym. After an exchange of words with Smith, the corrections officer escorted Blaylock out of the gym. (ECF No. 1,

PageID.3.) Blaylock explains that his discussion with the corrections officer "wasn't frivolous," as he was complaining about officers opening his door late and causing him to be late for his callouts and giving him less library time. (*Id.* at PageID.4.)

The following day, Smith wrote Blaylock an out of place ticket. According to Blaylock, in retaliation, Smith also had Blaylock barred from accessing the law library for a period of 30 days. Blaylock asserts Smith thereby violated Blaylock's First, Eighth, and Fourteenth Amendment rights. (*Id.* at PageID.3.)

Blaylock asserts that Defendant Bugbee, the librarian, conspired with Smith to bar him from the library, as Bugbee should have been unaware of the misconduct ticket. Blaylock asserts that Bugbee also violated Blaylock's First, Eighth, and Fourteenth Amendment rights. (*Id.*)

Blaylock asserts that Defendant Christiansen is liable because as the Warden, "violation of employees up under him falls on his desk." (*Id.* at PageID.4.) He asserts "all Defendants violated Blaylock's 1st, 8th, and 14th Constitutional rights by falsely writing ticket and being barred from law library and retaliated against Blaylock which is a 1st Amendment retaliation claim as well." (*Id.* at PageID.5.)

## III.   LEGAL STANDARDS

Blaylock has been granted in forma pauperis status. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss in forma pauperis or prisoner complaints before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c) (prisoner); 28 U.S.C. § 1915A (prisoner); 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis).

Courts hold pro se complaints to a less stringent standard than ones drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Even for pro se plaintiffs, more than bald assertions are required. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the United States Constitution or laws; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## IV.    ANALYSIS

Some claims brought by Blaylock are subject to dismissal for failure to state a claim and one claim survives. The Court does not make a determination on the surviving claim as the Defendants have not had an opportunity to be heard. The Court merely finds that one of Blaylock's claims survive preliminary review under 28 U.S.C. § 1915A(b).

### A.    Dismissed Claims

First, Blaylock's claims against Defendants in their official capacities must be dismissed because the claims are barred by sovereign immunity. A private individual may not sue a state unless the state consents to be sued. *Alden v. Maine*, 527 U.S. 706, 755 (1999). A judgment for money damages against officials in their official capacity would be paid with public funds from the state treasury. Therefore, a suit for money damages against officials in their official capacity is a suit against the state and is barred by state sovereign immunity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The MDOC is an "arm of the State of Michigan," so it and its officers, acting in their official capacity, are protected by sovereign immunity. *McCoy v. Michigan*, 369 F. App'x 646, 653–654 (6th Cir. 2010) (citations omitted). Blaylock has not alleged that Michigan has consented to suits for the alleged deprivations. Therefore, Blaylock's claim against Defendants in their official capacity must be dismissed.

Second, Blaylock asserts that Christiansen is liable for the actions of the other two Defendants because, as warden, a "violation of employees up under him falls on his desk." (*Id.*, PageID.4.) A civil rights plaintiff, however, must allege the personal involvement of a defendant to state a claim under § 1983. *See Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-92 (1978) (holding that claims under 42 U.S.C. § 1983 cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same). Blaylock asserts no facts in the complaint indicating Christiansen's personal involvement in the events described in the complaint. The Court therefore dismisses Christiansen from the action.

Third, Blaylock asserts that Defendants' actions violated his rights under the Eighth Amendment. The harms he asserts consist of one verbal confrontation with Smith, the issuance of a false misconduct by Smith, and the loss of the use of the library for thirty days. To state an Eighth Amendment claim, among other elements, a plaintiff must allege that the actions of the defendants deprived him "of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The Sixth Circuit has consistently held that the use of harassing or degrading language by a prison official does not rise to constitutional dimensions. *See Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (finding that harassment and verbal

5

abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits). The issuance of a false misconduct or loss of use of a library also does not constitute an Eighth Amendment violation. *See, e.g., Jack-Bey v. Tribley*, No. 2:13-cv-216, 2013 WL 6327830, 2013 U.S. Dist. LEXIS 171315, at **27–28 (W.D. Mich. Dec. 5, 2013).

Fourth, Blaylock asserts that his rights were violated under the Fourteenth Amendment, though he does not explain how. The closest candidate for such a claim would be the issuance of the false misconduct ticket and the imposition of the temporary library ban. The Due Process Clause of the Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law. *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must first show that one of these protected interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Supreme Court has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. A prisoner is entitled to the protections of due process only when the

sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). Blaylock's assertion that he lost 30 days of library use did not inevitably affect the duration of his sentence, nor did it constitute an atypical and significant hardship. Blaylock therefore fails to state a claim under the Fourteenth Amendment.

### B.    Surviving Claim

This leaves Blaylock's claim that his rights under the First Amendment were violated when Bugbee and Smith retaliated against Blaylock for making a verbal non-frivolous complaint to an unnamed corrections officer by issuing him a false misconduct and prohibiting him from using the library for 30 days.

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Without commenting on the eventual merits of this claim, the Court finds that it survives preliminary review under 28 U.S.C. § 1915A(b).

## V.     CONCLUSION

Accordingly, the Court **DISMISSES** the following claims due to Blaylock's failure to state a claim:

1. All claims for damages against the Defendants in their official capacities;

2. All claims against Defendant Christiansen; and

3. All Blaylock's Eighth and Fourteenth Amendment claims.

Blaylock's First Amendment retaliation claim against Defendants Bugbee and Smith in their individual capacities will proceed.

**SO ORDERED**.

<u>s/Jonathan J.C. Grey</u>
Hon. Jonathan J.C. Grey
United States District Judge

Dated: December 22, 2025

8

## <u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 22, 2025.

<u>s/</u> **S. Osorio**
Sandra Osorio
Case Manager